UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ADRIANA CONDOR CORDERO,

                Plaintiff,[1]

       -against-

HARRY ADJMI and ALICE ADJMI,

              Defendants.

------------------------------------------------------------- x

**ORDER**

22 Civ. 7612

(DG) (VMS)

### ORDER IN FLSA CASE REQUIRING DISCOVERY
### AND SETTING INITIAL PRETRIAL DISCOVERY AND MEDIATION SCHEDULE

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case.  See Fed. R. Civ. P. 16(b)(1).  The following order implements that requirement for this action brought under the Fair Labor Standards Act (FLSA), and orders mediation under Local Civil Rule 83.8.

The Rule 26(a)(1) provisions on initial disclosures are waived in this case.  Instead, the parties (whether represented by counsel or pro se) must use the following discovery protocol and comply with the following deadlines and requirements:

1.     Prior to March 15, 2023, Plaintiff must serve (but not file) the following:

    a.   Any documents in the Plaintiff's possession, custody or control that pertain to the unpaid wages claimed in the Complaint.

    b.   A written submission that includes: (i) the period of time Plaintiff worked for Defendant; (ii) Plaintiff's job title, description of job duties and name of immediate supervisor; (iii) an accounting of Plaintiff's claims including dates, regular hours worked, overtime hours worked, pay received versus pay claimed, and tips or other compensation; (iv) whether Plaintiff is entitled to a prevailing wage, and, if so, the rate; (v) the nature of the claim (e.g., failed to pay any wages, failed to pay minimum wage, failed to pay overtime, required off-the-clock work, failed to pay tips, misclassified as exempt employee, failed to provide proper paystubs, failed to provide proper notices, failed to pay spread of hours); (f) any additional state law claims such as wage-notice claims.

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to Plaintiff or Defendant includes the plural.  Any reference to Plaintiff includes opt-ins who file to join the action before a court-approved opt-in notice is issued, whether the complaint has been amended to add them to the caption or not.

c.  If Plaintiff has brought a collective action, Plaintiff shall provide Defendant with a written description of the class of employees that Plaintiff seeks to include in this action, and a brief description of the commonalities between Plaintiff and the proposed opt-ins. Plaintiff shall also indicate whether an opt-in notice has been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action.

d.  A written description of all attorneys' fees and costs incurred to date. With respect to attorneys' fees, provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

2.  Prior to April 15, 2023, Defendant must serve (but not file) the following:

a.  The time sheets or other time records and payroll records in Defendant's possession, custody, or control that pertain to work Plaintiff performed during the period for which Plaintiff claims unpaid wages.

b.  Any written statement of policy, workplace rules or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

c.  To the extent the personal liability of any individual Defendant is disputed (e.g., the defendant was not an owner or manager), state the basis for the defense, and include documentary evidence to support this position.

d.  To the extent Defendant's position is that finances should be considered in evaluating a settlement position, Defendant must produce financial documentation to Plaintiff's counsel, and that documentation must be treated as confidential.

3.  On or before May 16, 2023:

a.  Counsel for Plaintiff and Defendant must meet and confer in person or by video technology in a good-faith effort to settle all pending issues, including attorneys' fees and costs. The parties, including a representative of each corporate party with full authority will, at a minimum, be available by telephone during the conference to consider and approve any settlement.

b.  Counsel must jointly file a Status Report regarding the outcome of the conference described in paragraph 3(a) to notify the Court whether the parties have reached an agreement in principle to settle the case. If the parties report a settlement, the Court will set a schedule for the parties' submission of a joint motion to approve the settlement. If the parties do not report a settlement, the Court will refer the parties to formal mediation before an EDNY mediator (or a private mediator at the parties' mutual option) in accordance with Local Civil Rule 83.8.

4.      In the event the Court refers the parties to formal mediation as described in Paragraph 3(b), it will at that time set a schedule for the parties' selection of a mediator, completion of mediation and submission of a status report regarding the outcome.  If the parties report a settlement in that status report, the Court will set a schedule for the parties' submission of a joint motion to approve the settlement.  If the parties report that the action remains unsettled and represent that they have exhausted settlement efforts, their joint status report should include a joint proposed discovery schedule.

5.      Until the parties file the joint proposed discovery schedule described in Paragraph 4, all discovery in this case is STAYED, except as provided in this Order.

6.      In the event a settlement is not reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their proposed discovery schedule lifting the stay on these proceedings per Paragraph 5.

7.      The parties may move to alter this schedule for good cause.  Any such request shall only be made after the parties confer and shall be made by joint letter request filed on ECF.

8.      If a Defendant fails to timely appear, Plaintiff must submit a letter to the Court updating the Court as to this circumstance within thirty days of the failure to appear.  This letter must be served and filed at least seven days before Plaintiff requests entry of a certificate of default.

Dated: Brooklyn, New York
     December 17, 2022

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge